## (November 9, 1964)

■ LYNNE C. SCHIFF, an Infant, by Her Mother, MARY STEINBERG, Respondent, v. LESLIE SCHIFF, Appellant.— In an action by a wife for a judicial separation, the defendant husband appeals from an order of the Supreme Court, Queens County, dated July 28, 1964, which awarded plaintiff $150 per week temporary alimony and a counsel fee of $1,250. Order modified by reducing the temporary alimony from $150 to $50 per week, and by reducing the counsel fee from $1,250 to $400, with leave to the plaintiff, if so advised, to apply to the trial court for an additional counsel fee. As so modified, order affirmed, without costs. In our opinion, upon the basis of the facts — insofar as they can be ascertained from the conflicting affidavits on this record — the awards for alimony and counsel fee made at Special Term were excessive. The present awards, based on conflicting affidavits, should have no effect upon the Trial Justice in his determination as to the permanent alimony and as to the additional counsel fee, if any. His determination should rest upon the proof adduced at the trial (*Goldberg* v. *Goldberg*, 20 A D 2d 806). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ JULIA DELGADO, Appellant, et al., Plaintiff, v. STEFAN PASTERNAK, Respondent.— In a negligence action to recover damages for personal injury allegedly sustained by the plaintiff Julia Delgado, said plaintiff appeals from a judgment of the Supreme Court, Kings County, entered December 21, 1962 after trial, upon a jury's verdict in favor of the defendant. The action by the plaintiff's husband, Felix Delgado, was discontinued, with prejudice, during trial. Judgment reversed on the law, and a new trial granted, with costs to plaintiff to abide the event. No questions of fact have been considered. It is plaintiff's claim that about 9:30 or 10 o'clock on the night of September 12, 1958, she was caused to trip and fall on a stairway in a rooming house owned and maintained by the defendant. At the trial defendant sought to establish that plaintiff's injuries, which included a broken arm, did not result from a fall on the stairs but were sustained when she was assaulted by her husband, from whom she later separated. Defendant produced a witness who said that between 5:00 and 6:00 P.M., he heard considerable noise and screaming coming from the furnished room occupied by plaintiff and her husband. The witness did not specify the day or date of such occurrence, except to say that it was a couple of evenings before he saw plaintiff on the street wearing a cast; and that the latter occasion was about two days after September 12, 1958. However, he did not know whether it was possible that what he had heard could have occurred toward the end of September, 1958. In our opinion, such testimony is purely speculative, and the trial court erred in receiving it and in denying plaintiff's request to charge the jury that there was no testimony that plaintiff had been assaulted. It is also our opinion that the trial court erroneously excluded photographs of the scene of the accident which plaintiff attempted to show were accurate representations of the stairway as of the time of the accident, except for a portion of a rubber tread which had broken off when plaintiff fell. In view of these errors, a new trial is required. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.